The **AMERICAN SHIP BUILDING COMPANY**, Petitioner,

v.

**WILLY H. SCHLIEKER, K.G.,**
Respondent.

United States District Court
S. D. New York.
April 19, 1963.

Javits, Trubin, Sillcocks, Edelman & Purcell, New York City, for petitioner.

Shearman & Sterling, New York City, for respondent.

BONSAL, District Judge.

This is a motion by The American Ship Building Company, petitioner, for an order directing Willy H. Schlieker, K.G., respondent, or any administrator or trustee who has succeeded to respondent's rights and obligations, to appoint an arbitrator pursuant to the contract entered into between the parties on March 7, 1960, as amended by amendatory agreement dated November 21, 1960.

The original contract dated March 7, 1960 provided for the construction by the respondent of a "midbody" for a bulk ore carrier. The limited arbitration clause is contained in the original contract as Article XV, which provides that the dispute shall be promptly referred to an arbitrator selected jointly by the parties, or if no arbitrator is so selected, either party may ask the president of the American Bureau of Shipping to make a selection.

Difficulties were encountered by the respondent in meeting the time schedule established under the original contract of March 7, 1960, and consequently the petitioner, respondent and the Bethlehem Steel Company entered into an amendatory agreement on November 21, 1960 providing for a "swap" of midbodies both Bethlehem and petitioner had contracted for with the respondent. A new delivery date was specified under the amended agreement. Section 11, entitled "Effect of this Agreement", specifically states that except as expressly modified, the original contract remains in full force and effect.

Respondent once more had difficulties in meeting the time schedule, and the midbody was delivered late. Petitioner asserted a claim for damages and withheld the last payment to which respondent would otherwise have been entitled. The respondent, petitioner states, in order to obtain the withheld balance of the contract price, "bonded" the petitioner's claim by having its German bank (Investitions-und-Handels-Bank) issue an irrevocable letter of credit on November 1, 1961 to cover the claim. The irrevocable letter of credit, by its terms, states that it is in favor of petitioner "at the request and for account" of the respondent up to a maximum amount of $123,000. to assure payment of the amount of any settlement arrived at between petitioner and respondent in respect to liquidated damages due petitioner under Article I (c) of the contract of March 7, 1960 as amended November 21, 1960, or the amount of the award of an arbitrator appointed pursuant to Article XV of the contract determining the amount of liquidated damages, if any, due under Article I(c) of the contract. The letter of credit ran to November 1, 1962, but by letter dated September 28, 1962, was extended to November 1, 1963, and the irrevocable letter of credit, so extended, was confirmed by The First National City Bank of New York by telegram to the petitioner dated September 28, 1962.

Petitioner sought to settle the controversy with respondent, it appearing that representatives of petitioner visited the trustee and his assistant in Hamburg in November 1962. They were advised to

reduce their claim to writing and that it would be carefully considered. Petitioner did so by letter dated December 5, 1962. Respondent's trustee, by letter dated December 11, 1962, requested until January 10, 1963 to consider the matter, which extension was granted. Hearing nothing further, petitioner wrote respondent on January 16, 1963 demanding arbitration, which was refused. Thus, the petitioner has taken the preliminary steps required before seeking appointment of an arbitrator by the American Bureau of Shipping.

Thereafter, petitioner requested the president of the American Bureau of Shipping to appoint an arbitrator, but by letter dated February 8, 1963 to the petitioner, the president of the American Bureau of Shipping stated that he had received a cable from the Trustee in Bankruptcy for the respondent indicating that the matter in dispute is not subject to arbitration in accordance with Article XV of the contract and that, consequently, the Bureau was unwilling to act until the question has been clarified.

Respondent opposes the appointment of an arbitrator on a number of grounds:

■ (1) That the dispute between the parties is not subject to arbitration under paragraph XV of the contract dated March 7, 1960. Respondent alleges that the arbitration of this dispute requires consideration of the amendatory agreement dated November 21, 1960, and that the arbitration clause does not extend to the amendatory agreement. However, as noted above, the amendatory agreement specifically provides in Section 11 that, except as expressly modified thereby, the original contract remains in all respects in full force and effect.

■ (2) That the arbitration clause is limited to the matter of the extension of time for completion as referred to in Article XII of the original agreement and does not apply to the determination of damages, if any, to which petitioner may be entitled by reason of the delayed delivery. This would be persuasive, and perhaps decisive, if it were not for the posting of the irrevocable letter of credit by respondent prior to its bankruptcy. The Court finds that by posting the irrevocable letter of credit on conditions stated specifically within the letter, respondent agreed to the extension of the arbitration clause in Article XV to the very dispute here involved. The respondent has not denied that the letter of credit was issued upon its instructions, nor that its terms expressly give rise to the interpretation the Court has placed upon it. In view of the course of negotiations as revealed in the papers, and the posting at the direction of the respondent of the irrevocable letter of credit on the terms stated, neither the respondent nor its trustee can at this late stage contend that the dispute was not subject to arbitration.

■ (3) That a trustee in bankruptcy has been appointed for respondent in Germany, who cannot consent to arbitration. No German authority is advanced in support of this position. Moreover, the arbitration clause provides that the laws of the United States will apply, and there is no trustee appointed in this country. (See Bank of Buffalo v. Vesterfelt, 36 Misc.2d 381, 232 N.Y.S.2d 783 (Erie Co. 1962).) The funds out of which the award, if any, will be paid is not in the hands or under the control of the trustee, but is held by the Bank; so that the claims of German creditors are not diluted. Finally, the appointment of the arbitrator requires no affirmative act by the German trustee, the power of appointing an arbitrator being in the American Board of Shipping. The trustee may participate in the arbitration proceedings and is free to take such action as he may be advised if he believes the award to be unfair to respondent's estate. Respondent's trustee may contemplate that if the arbitration does not take place prior to November 1, 1963 (the expiration date of the irrevocable letter of credit), petitioner's secured position will be destroyed and the fund on which the petitioner had a right to rely will be released to the German trustee in bankruptcy. Such motivation does not

provide the Court with good cause to refuse to enforce the arbitration clause.

Article XV sets forth the manner in which the arbitrator will be selected, providing that if the parties do not agree on an arbitrator he will be selected by the American Bureau of Shipping. The Bureau has not refused to appoint an arbitrator, but has deferred appointing him pending a clarification as to whether the dispute is subject to the arbitration clause.

The Court holds that the dispute is subject to the arbitration clause. This ruling is without prejudice to any defenses the respondent may have to the substance of petitioner's claim. Petitioner should again apply to the president of the American Bureau of Shipping for the appointment of an arbitrator in lieu of seeking the appointment of an arbitrator by the Court at this time.

An order will be settled on notice, stating that the dispute between the parties is subject to arbitration in accordance with Article XV of the contract dated March 7, 1960.

Settle order on notice.